IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$118,450 IN UNITED STATES CURRENCY,<br><br>Defendant. | Case No. 3:19-cv-529-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion Set Aside Default and Default Judgment filed by Claimants Rolando Gomez and Rosa Gomez (Doc. 14). With this motion, Claimants ask the Court to set aside the Default Entry by Clerk (Doc. 9) and Judgment and Decree of Forfeiture (Doc. 13).

The $118,450 in United States currency at issue in this civil forfeiture case was seized on December 10, 2018, in Madison County, Illinois, during a traffic stop. The funds were seized upon reasonable suspicion that the money was furnished or intended to be furnished by a person in exchange for a controlled substance, or proceeds traceable to such an exchange, or money used to facilitate a violation of 21 U.S.C. § 801 *et seq.* (Doc. 1-1).

The United States instituted this civil judicial forfeiture action against the $118,450 in United States currency on May 22, 2019 (Doc. 1). The United States transmitted a Direct Notice of Civil Judicial Forfeiture to attorney Leslie Lewis, Rolando Gomez at addresses

in Texas and New York, and Rosa Gomez by regular and certified mail on May 23, 2019 (Doc. 4). The Clerk of Court entered a warrant for arrest of articles *in rem* the same day (Doc. 5). The warrant was served on June 6, 2019, and the return was filed on July 1, 2019 (Doc. 6). The United States then published a Notice of Civil Forfeiture on the official government website, www.forfeiture.gov, for 30 consecutive days beginning May 29, 2019, and filed proof of publication on August 8, 2019 (Doc. 7).

Pursuant to the direct notice of forfeiture, potential claimants had until July 8, 2019, to file a claim (Doc. 4). The notice published on www.forfeiture.gov allowed potential claimants until July 29, 2019, to file a claim (Doc. 7-1). No claims were filed. Accordingly, the Clerk of Court entered default against Rolando Gomez, Rosa Gomez, and all interested parties on August 9, 2019 (Doc. 9).

On August 14, 2019, the United States moved for entry of a judgment and decree of forfeiture (Doc. 11). The United States mailed a copy of the entry of default, the motion for entry of judgment and decree of forfeiture, and the proposed judgment and decree to Rolando Gomez in Texas and New York, Rosa Gomez, and attorney Leslie Lewis on August 13, 2019 (Doc. 12).

On November 26, 2019, Claimants filed the pending motion for relief from entry of default (Doc. 14). In the motion and accompanying affidavit, Claimants state that their previous attorney neither formally entered an appearance nor filed any responsive pleading on their behalf (*Id.*). Additionally, Rolando Gomez suffered a severe stroke during the pendency of this matter which prevented him from personally participating in this case and led to Rosa Gomez's excusable neglect in not following the course of this case (*Id.*).

According to the Government's response, counsel had multiple discussions with Attorney Leslie R. Lewis, prior to the entry of default (Doc. 16). No claim was ever filed.

Relief from an entry of judgment is governed by Federal Rule of Civil Procedure 60(b). The tests under either Rule 60(b) and Rule 55(c) are identical. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c), which provides that "the court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). A party wishing to have entry of default vacated prior to entry of a default judgment must show: (1) good cause; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *Sun v. Board of Trustees of University of IL*, 473 F.3d 799, 810 (7th Cir. 2007). A meritorious defense is one that raises a "serious question" about the propriety of a default judgment and "is supported by a developed legal and factual basis." *United States v. $10,000.00 in U.S. Funds*, 52 F.3d 329 (7th Cir. 1995); *see also Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.").

"Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case."). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, where relief under Rule 60(b) is more "limited and stringent." *Jones*, 39 F.3d 162.

While the Seventh Circuit no longer disfavors default judgments, it should not be

"a ready response to all litigant misbehavior." *Comerica Bank v. Esposito*, 215 F. App'x 506, 508 (7th Cir. 2007) (quoting *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995)). Instead, district courts should examine whether the defaulting party "exhibited a willful refusal to litigate the case properly," the "proportionality of the sanction" to the conduct, and the "choice of a default judgment over other available sanctions." *Id.* (citations omitted); *see also* 10A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 2685 (1998) (courts should examine the dollar amount involved, the nature of the default, prejudice to the plaintiff, and whether the delay is excusable).

Here, Rosa Gomez has attested that she and her husband, Rolando Gomez, hired an attorney to assist is this matter and the attorney did not adequately communicate nor file any motions to preserve their rights in this case (Doc. 14-1). Further, Rolando Gomez suffered a severe and debilitating stroke during the pendency of this case (*Id.*). Rolando Gomez's incapacity diverted Rosa Gomez's attention from this matter (*Id.*). At the time of this pending motion's filing, Rolando Gomez was unable to effectively communicate and bedridden (*Id.*). Thus, the Court finds that Claimants were willing to litigate the case properly but were inhibited by a neglectful attorney and a serious medical condition. Therefore, Claimants have shown there is good cause for vacating the entry of default. *See Comerica Bank*, 215 at 509 (district courts abuse their discretion when they enter default judgment knowing the litigant's default is the result primarily of his attorney's neglect).

Finally, Claimants have asserted the existence of a possibly meritorious defense to the complaint (Doc. 14). According to the Government's response, the money seized constituted Rolando Gomez's life savings accumulated over 32 years (Doc. 16). Rolando

Gomez was to use the money to set up residence and start a legitimate business with his son in Texas (Doc. 14).

Because Claimants have met the requirements under Rule 55(c), and because the sanction of default judgment would be prejudicial to Claimants who have demonstrated a desire and intent to actively litigate this action with a competent attorney, the Court **VACATES** the Clerk's entry of default (Doc. 9) and the Judgment and Decree of Forfeiture (Doc. 13). The Court **GRANTS** Claimants until **May 14, 2020**, to file a verified answer and proof of claim.

**IT IS SO ORDERED.**

DATED:   April 13, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**